FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 JUL 31 PM 3:48

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

KEITH JONES, )
)
Plaintiff, )
)
vs. ) Docket No.
)
METROPOLITAN SCHOOL DISTRICT ) 1:11-cv-0973 SEB-MJD
OF DECATUR TOWNSHIP )
)
Defendant. )

## COMPLAINT
## PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Kenneth Roberts, Rudy Coram & -------, complaining of Defendant, alleges:

### JURISDICTION AND VENUE

1- This action is brought to remedy discrimination on the basis of disability and age in the terms, conditions and privileges of American with Disabilities Act of 1990 ("ADA"), and of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff also seeks a remedy for Defendant's intentional infliction of emotional distress.

2- Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e-(5) and 29 U.S.C. § 626(c). This Court has pendent jurisdiction over the claim for the intentional infliction of emotion distress. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. § 2000e-5(f) and (g) and 29 U.S.C. § 626(b), along with monetary relief for tort damages.

3- Plaintiff Keith Jones ("Jones") filed a charge of discrimination on the basis

of Disability and Age against Defendant Metropolitan School District of Decatur Township ("MSD") with the Equal Employment Opportunity Commission ("EEOC") and on or about February 9, 2011, complaining of the acts of Disability and age discrimination alleged herein. On or about July 11, 2011, the EEOC notified Jones of his right to institute this action by issuance of a "Notice of Right to Sue" on his charge. Jones has complied fully with all administrative prerequisites under the ADA and ADEA.

4- Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Indiana.

## PARTIES

5- Plaintiff Keith Jones is a male born on April 21, 1950. He was employed by MSD at its offices located at 5275 Kentucky Avenue in Indianapolis, Indiana from August of 1996, until the termination of his employment on or about June 30, 2010. He is a resident of Indiana.

6- Defendant Metropolitan School District of Decatur Township, a school district corporation, is an employer within the meaning of the ADA, ADEA, 29 U.S.C. § 630(b) and within the meaning of, 42 U.S.C. § 2000e(b). Defendant maintains its principal place of business at 5275 Kentucky Avenue, Indianapolis, Indiana.

## STATEMENT OF THE CLAIM

7- Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "6" of this complaint with the same force and effect as if fully set forth herein.

8- In 1996, Plaintiff was recruited for employment by MSD as a school police officer. In such a position, Plaintiff performed general police patrol and school security duties and

was empowered to make arrest through special provisions with the Marion County Sheriff Department.

9- Plaintiff was assigned as the MSD's one and only afternoon shift patrol officer, working a 3 pm-to-11pm shift.

10- Plaintiff is a fully certified Law Enforcement Officer by the Indiana Law Enforcement Training Board in Plainfield, Indiana which is the state's POST certifications committee. Additionally, Plaintiff served as a State certified use-of-force instructor with the Sheriff Department training academy for seven years and has authored articles on use-of-force training, and also on prevention of terrorist attacks in American schools that were published in books and police periodicals.

11- While Defendant has never used any system of periodic employee reviews for school police officers, the Plaintiff was on good terms with the school administrators, staff and students. Plaintiff was never brought in for any sort of employee corrective counseling all during the time of his employment.

12- Prior to being discharged, the Plaintiff was informed by his supervisor, Chief David L. Kinsey, that the MSD's administration was discussing the ideas of eliminating the afternoon shift police officer's position thus terminating his employment with the MSD, that Dr. Jeffrey Baer, one of the assistant school superintendents, was adamant about the elimination.

13- Kinsey, informed the Plaintiff his belief that eliminating MSD's only afternoon shift police officer position was a dangerous idea, given the amount of crime in around the MSD's main campus and other school properties during the late afternoon and evening.

14- On June 30, 2010, the Defendant terminated the Plaintiff's employment.

15- Around mid-July, Plaintiff received a formal letter from the MSD of Decatur Township stating that the School Board had on July 13, 2010, voted to terminate his employment due to "fiscal restructuring".

16- Plaintiff provided the investigator of the Indiana Workforce Development Office with a copy of the formal letter received from the MSD showing that Plaintiff had been laid off due to "fiscal restructuring". The same reason for discharge was confirmed to the investigator by the Defendant. Based on this, the State determined that Plaintiff was eligible to receive unemployment benefits.

17- On July 30, 2010, a month after his discharge, the Plaintiff was informed by his former Boss Kinsey that the school superintendent, Donald Stinson, had directed him to hire someone to fill in the position of afternoon shift patrol officer.

18- Plaintiff asked Kinsey if he could have his job back and he was given a negative reply without explanations.

19- Through his self preliminary inquiries, Plaintiff learned that the assistant superintendent Susan Adams (Adams) had been pressuring employees to voluntarily downgrade the group's individual policy choice from "Plan 1" with its premium coverage and low annual out-of-pocket provision, to a lower level coverage option like "Plan 2" or "Plan 3" since "plan 1" coverage was costing the MSD or MSD's group insurance carrier too much of a loss. "Plan 1" originally picked up 90% of medical costs amd the employee only paid 10%. The "Plan 2" option paid at an 80/20 % and "Plan 3" paid out at 70/30.

20- Plaintiff had opted for Plan 1 coverage despite the high premiums he was required to pay for being older and a cancer survivor.

21- Plaintiff learned too, that his employment with the MSD had been terminated not for "fiscal restructuring" but rather because he had some health issues for his age that caused him to be "red-flagged" by the MSD's group insurance carrier.

22- Plaintiff, 61 years old, had cancer in 2004 and 2005 and underwent extensive treatment. Being in remission, Plaintiff is required to be tested twice a year for the rest of his life. The cancer treatment weakens the patient and subjects him to extra health problems for a time while fully recovering.

23- Plaintiff's wife, 57 years old, needs out-patient surgery to repair a hernia in her abdomen and a problem with her bladder. Plaintiff had an MRI test for knee injury and with his wife they both had colonoscopies for cancer purposes.

24- In September 2010, MSI hired another a new officer to fill the previously held position of the Plaintiff. The new officer is a male, half the age of the Plaintiff, previously employed as a building security officer with the Marion County Sheriff Department and does not have a background in school policing. In addition to this, the new hired male officer is not post-certified in spite of the MSD's previously held policy that they would hire officers who were already POST certified.

25- More appalling to the Plaintiff was his receipt of the minutes of the MSD of Decatur Township School Board meeting for the Board's regular monthly meeting on September 14, 2010. In the "Staff Report" section of the Board's minutes, Adams had requested that the assembled School Board formally approve the hiring of the individual that Chief Kinsey had selected, just as they had voted to formally approve Plaintiff's lay off due to "fiscal restructuring" on July 13, 2010. Furthermore, the minutes if Board's meeting shows that Adams told Board member that the new officer was a "replacement in light of

the fiscal restructuring plan".

26- Plaintiff feels that he has been discriminated upon based on the recommendation of assistant superintendents Susan Adams, Jeffrey Baer and Donald Stinson acting in their capacities as administrators of the MSD.

## FIRST CAUSE OF ACTION

27- Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "26" of this complaint with the same force and effect as if fully set forth herein.

28- By the above acts, defendant has violated ADA by discriminating against Plaintiff because of his health problems leading to his disability in the terms, conditions and privileges of his employment.

29- Defendant's acts were with malice and reckless disregard for Plaintiff's federally protected civil rights.

30- Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

31- Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "26" of this complaint with the same force and effect as if fully set forth herein.

32- The decisions to terminate the employment of the Plaintiff using "fiscal restructuring" as a reason was nothing but a pretext to terminate his employment because of his progressive age and hire instead a younger male to perform the same task in violation of the ADEA. Defendant knew or recklessly disregarded that its conduct violated the ADEA. Defendant's violation of the ADEA is willful within the meaning of that statute.

33- Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION

34- Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "29" of this complaint with the same force and effect as if fully set forth herein.

35- Defendant by its conduct, including but not limited to, stripping Plaintiff of his former duties, denying Plaintiff the chance to be rehired when the administration was seeking new employees and instead hiring a young male police officer lacking the Plaintiff's experience to perform the same tasks of the Plaintiff, has intentionally caused Plaintiff to suffer severe emotional distress.

36- As a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to emotional distress and loss of reputation.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the ADA and the ADEA and constitute the intentional infliction of emotional distress.

(b) enjoining and permanently restraining these violations of the ADA and the ADEA;

(c) directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) directing defendant to reinstate Plaintiff, placing him in the position she would have occupied but for Defendant's discriminatory treatment and making him whole for all earnings he would have received but for Defendant's discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

(e) directing defendant to pay Plaintiff compensatory and punitive damages for the injuries suffered as a result of defendant's violations of the ADA and ADEA.

(f) directing Defendant to pay Plaintiff an additional amount as liquidated damages as provided for in Section 7(b) of the ADEA, 29 U.S.C. § 626(b);

(g) awarding Plaintiff the costs of this action, together with reasonable attorneys' fees, as provided by Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and, by incorporation, 29 U.S.C. § 216(b); and as provided by 42 U.S.C. § 2000e-5(k); and

(h) granting such other and further relief as this Court deems necessary and proper.

(i) Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted,

**ROBERTS & BISHOP**

_____
Kenneth T. Roberts, Ind. Atty. No. 6099-49

_____
Rudy Coram, Ind Atty. No. 29690-49

**ROBERTS & BISHOP**
118 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 631-0172
Facsimile: (317) 631-0178